UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-2496(DSD)

In re:                                          BKY Case No.: 11-42325

WEB2B Payment Solutions, Inc.                              Chapter 7

      Debtor.

Rent-A-Center East, Inc.,

      Appellant,

v.                                                          **ORDER**

Brian F. Leonard, Trustee,

      Appellee.


    This matter is before the court upon the motion by appellant Rent-A-Center East, Inc. (RAC) for rehearing on the court's July 18, 2014, order affirming the bankruptcy court's grant of summary judgment to appellee Brian F. Leonard. Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

    The background of this action is fully set out in the court's prior order, and the court recites only those facts necessary for disposition of the instant motion. On March 19, 2007, RAC entered into a client agreement (Agreement) with debtor Web2B Payment Solutions, Inc. (Web2B), pursuant to which Web2B processed checks received from RAC's clients. To facilitate the Agreement, Web2B

established an account at North American Banking Company (NABC), through which it "accept[ed] electronic credit and debit entries for" RAC. Compl. Ex. A, at 1.

In 2011, Web2B filed for bankruptcy. The bankruptcy court appointed Leonard as trustee of the estate (trustee). Thereafter, NABC turned over approximately $933,000, held in various Web2B accounts, to the trustee. On February 24, 2012, RAC filed an adversary proceeding against the trustee, claiming that $801,378.76 of the NABC funds belong to RAC. RAC and the trustee each moved for summary judgment. The bankruptcy court granted the trustee's motion for summary judgment and entered final judgment. See ECF Nos. 1-8, 1-9. RAC appealed and the court affirmed, finding, in relevant part, that RAC had no basis to challenge Web2B's dominion over the funds because it endorsed the checks to Web2B. ECF No. 15, at 11. RAC now argues that the court erred in making that determination.

Where, as here, the court is acting as an appellate court in a bankruptcy case, Rule 8015 of the Federal Rules of Bankruptcy Procedure "provides the sole mechanism for filing a motion for rehearing." In re Spiegel, Inc., Nos. 03-11540, 06-13477, 2007 WL 2609966, at *1 (S.D.N.Y. Aug. 22, 2007). Although Rule 8015 does not include a standard of review, the advisory committee notes "direct attention to Rule 40 of the Federal Rules of Appellate Procedure." Id. (citations and internal quotations marks omitted).

Rule 40 requires the movant to "state with particularity each point of law or fact that [it] believes the court has overlooked or misapprehended and [to] argue in support of the petition." Fed. R. App. P. 40(a)(2).

The purpose of a motion for rehearing is "to direct the court's attention to some material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result." New York v. Sokol, No. 94-7392, 1996 WL 428381, at *4 (S.D.N.Y. Jul. 31, 1996). Thus, "[t]he function of a petition for rehearing is not to permit the petitioner to reargue his case; to attempt to do so would be an abuse of the privilege of making such a petition." Id. "[N]either new evidence nor new arguments are considered valid bases for Rule 8015 relief."
In re Spiegel, 2007 WL 2609966, at *2.

RAC argues that the court misconstrued the record when it concluded that RAC endorsed the checks to Web2B. ECF No. 15, at 11. This argument is an exercise in form over substance. As the order and record make clear, the checks at issue were endorsed to Web2B with express authorization from RAC. See id. at 2. Whether RAC personally endorsed the checks or allowed others to do so is immaterial to the court's ruling. As a result, rehearing is not warranted.

Accordingly, **IT IS HEREBY ORDERED** that appellant's motion for rehearing [ECF No. 17] is denied.

Dated:  August 27, 2014

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court
