UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-2496(DSD)

In re:                                    BKY Case No.: 11-42325

WEB2B Payment Solutions, Inc.                        Chapter 7

           Debtor.

Rent-A-Center East, Inc.,

           Appellant,

v.                                                   **ORDER**

Brian F. Leonard, Trustee,

           Appellee.


     Paul L. Ratelle, Esq. and Fabyanske, Westra, Hart &
     Thomson, PA, 333 South Seventh Street, Suite 2600,
     Minneapolis, MN 55402, counsel for appellant.

     Andrea M. Hauser, Esq. and Leonard, O'Brien, Spencer,
     Gale & Sayre Ltd., 100 South Fifth Street, Suite 2500,
     Minneapolis, MN 55402, counsel for appellee.

     John C. Holper, Esq. and Winthrop & Weinstine, P.A.,
     225 South Sixth Street, Suite 3500, Minneapolis, MN
     55402, counsel for non-party National American Banking
     Company.


     This matter is before the court upon the motion by non-party

North American Banking Company (NABC) to intervene and the motion

by appellant Rent-A-Center East, Inc. (RAC) for indicative ruling.

Based on a review of the file, record, and proceedings herein, and

for the following reasons, the court grants the motion to intervene

and denies the motion for indicative ruling.

**BACKGROUND**

The background of this action is fully set out in the court's order dated July 18, 2014, and the court recites only those facts necessary for disposition of the instant motions.  On March 19, 2007, RAC entered into a client agreement (Agreement) with debtor Web2B Payment Solutions, Inc. (Web2B), pursuant to which Web2B processed checks received from RAC's clients.  To facilitate the Agreement, Web2B established an account at NABC, through which it "accept[ed] electronic credit and debit entries for" RAC.  Compl. Ex. A, at 1.

In 2011, Web2B filed for bankruptcy.  The bankruptcy court appointed Brian F. Leonard as trustee of the estate (trustee).  Thereafter, NABC turned over approximately $933,000, held in various Web2B accounts, to the trustee.  On February 24, 2012, RAC filed an adversary proceeding against the trustee, claiming that $801,378.76 of the NABC funds belong to RAC.  RAC and the trustee each moved for summary judgment.  On August 22, 2013, the bankruptcy court granted the trustee's motion and entered final judgment.  See ECF Nos. 1-8, 1-9.  RAC appealed and this court affirmed on July 18, 2014, finding, in relevant part, that RAC had no basis to challenge Web2B's dominion over the funds because it endorsed the checks to Web2B.  ECF No. 15, at 11.  On August 27, 2014, the court denied RAC's motion for rehearing.  ECF No. 23.  RAC appealed to the Eighth Circuit.  ECF No. 25.

2

Meanwhile, in late 2013, RAC filed a separate suit against NABC alleging conversion of the disputed funds.  <u>See</u> <u>Rent-A-Center East, Inc. V. N. Am. Banking Co.</u>, No. 13-3274 (D. Minn. filed Nov. 29, 2013) (RAC/NABC litigation).  At the close of discovery, NABC moved for summary judgment and RAC requested a stay pending the Eighth Circuit's decision on the appeal in the instant case.  Judge Kyle granted the stay request, concluding that "affirmance by the Eighth Circuit would significantly undermine RAC's claims in this case, whereas reversal would alter the foundation upon which both parties lay their arguments."  <u>Id.</u>, ECF No. 43, at 3.

A few months after the appeal in this case was filed, RAC and the trustee agreed to settle contingent on bankruptcy court approval and this court's agreement to vacate the orders on appeal. On December 22, 2014, RAC and the trustee filed a joint motion with the Eighth Circuit to hold briefing in abeyance pending the parties' proposed settlement.  The Eighth Circuit granted the motion.

On January 20, 2015, the parties moved for bankruptcy court approval of the settlement and NABC objected.  At the hearing, RAC disclosed that it is seeking vacatur, at least in part, to avoid any adverse impact the orders may have in the RAC/NABC litigation. <u>See</u> Holper Decl. Ex N, at 24:13-18 ("Judge Doty's order respectfully made certain determinations that [the bankruptcy court's] orders did not and those orders have a bearing, in our

view, on pending litigation that we have with [NABC].").  The
bankruptcy court declined to approve the settlement, stating that
vacating the judgment would be a "subversion of the judicial
process [and] cynical in the extreme."  Id. at 28:7-11.  RAC then
filed a motion in this court under Federal Rule of Civil Procedure
62.1, requesting an indicative ruling as to whether the court would
vacate its July 18, 2014, and August 27, 2014, orders, both of
which are pending on appeal.  NABC moved to intervene for the
limited purpose of opposing RAC's motion.

## DISCUSSION

## I.  Motion to Intervene

NABC moves under Federal Rule of Civil Procedure 24(b) to
intervene in this matter to challenge RAC's motion for indicative
ruling.  The rule provides that "[o]n timely motion, the court may
permit anyone to intervene who ... has a claim or defense that
shares with the main action a common question of law or fact."
Fed. R. Civ. P. 24(b)(1)(B).  The principal consideration in ruling
on a Rule 24(b) motion is whether the proposed intervention would
unduly delay or prejudice the adjudication of the parties' rights.
S. Dakota ex rel Barnett v. U.S. Dep't of Interior, 317 F.3d 783,
787 (8th Cir. 2003).

As a threshold matter, RAC argues that the court lacks
jurisdiction to entertain NABC's motion because the case is on

appeal. But it is undisputed that the court has the authority to consider RAC's motion for indicative ruling, and because NABC seeks to intervene for the limited purpose of objecting to that motion, the court also has jurisdiction to consider the motion to intervene. Moreover, RAC does not seriously dispute that intervention is warranted under these limited circumstances. Indeed, the motion is timely in light of RAC's motion, common questions exist in this case and in the RAC/NABC litigation, and no delay will occur because the issue is narrow and already fully submitted to the court. As a result, NABC's motion to intervene for the limited purpose of objecting to RAC's motion for indicative ruling is granted.

## II. Motion for Indicative Ruling

RAC acknowledges that the court lacks jurisdiction, given the pending appeal, to vacate its prior orders. RAC therefore moves under Rule 62.1 for a ruling indicating that the court will vacate its prior orders under Rule 60(b)(6) if the Eighth Circuit remands for that purpose. Rule 62.1(a) provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Rule 60(b)(6) may be used to vacate a final judgment for any "reason that justifies relief." The rule "affords courts the

discretion to vacate judgments whenever such action is appropriate to accomplish justice." Duluth v. Fond du Lac Band of Lake Superior Chippewa, 977 F. Supp. 2d 944, 948 (D. Minn. 2013). "Such relief, however, is 'exceedingly rare' because it requires an intrusion into the sanctity of a final judgment, and therefore, it is available only in 'extraordinary circumstances.'" Id. (quoting In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., 496 F.3d 863, 868 (8th Cir. 2007)). Circumstances are extraordinary when they "have denied the moving party a full and fair opportunity to litigate his claim" and "have prevented the moving party from receiving adequate redress." Murphy v. Mo. Dep't of Corr., 506 F.3d 1111, 1117 (8th Cir. 2007). The court may consider the public interest in assessing the propriety of vacatur. U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 26 (1994).

No extraordinary circumstances exist here. RAC explains that it seeks vacatur as a condition of settlement. This alone is an insufficient basis to establish extraordinary circumstances. See id. at 29 (holding that exceptional circumstances may counsel in favor of vacatur, but noting that "those circumstances do not include the mere fact that the settlement agreement provides for vacatur"). RAC has also failed to establish that public interest would be served by vacating the orders. To the contrary, the public interest is advanced by denying vacatur because judicial

6

determinations are "presumptively correct" and are "valuable to the legal community as a whole." <u>Id.</u> at 26.  Nor has RAC established that it was denied a full and fair opportunity to litigate its claim.  Instead, it appears that RAC seeks vacatur for the purpose of avoiding adverse consequences in the RAC/NABC litigation.  This reason is far from extraordinary.  <u>Duluth</u>, 977 F. Supp. 2d at 948 ("Extraordinary circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment at which a court properly arrived.").  Under these circumstances, vacatur of the court's prior orders is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motion to intervene [ECF No. 31] is granted; and

2.   The motion for indicative ruling [ECF No. 38] is denied.

Dated: April 22, 2015

s/David S. Doty
David S. Doty, Judge
United States District Court